UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MSP RECOVERY CLAIMS, SERIES LLC, a : 
Delaware entity, and SERIES 17-03-615, as a : **ORDER GRANTING**
designated series of MSP RECOVERY CLAIMS, : **DEFENDANT'S MOTION TO**
SERIES LLC, : **DISMISS**
:
Plaintiff, :
:
-against- : 22 Civ. 6682 (AKH)
:
:
:
ENDURANCE AMERICAN SPECIALTY :
INSURANCE COMPANY, a Delaware company, :
:
Defendant. :

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Medicare beneficiaries can receive Medicare benefits through private Medicare Advantage Organizations, or MAOs. If an insured's illness or injury is covered also by a liability carrier, the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y, provides that the liability carrier has the primary obligation and the MAO, the secondary. If an MAO pays a medical or hospital claim first, it is entitled to reimbursement by the liability carrier. *See* 42 U.S.C. § 1395y(b)(2)(A).

Plaintiff MSP Recovery Claims, Series LLC ("MSP") purchases reimbursement rights from MAOs—in this case, from AvMed, Inc. MSP's Amended Complaint alleges that AvMed assigned its claims against Endurance American Specialty Insurance Company ("Endurance") to MSP in a dedicated lot or to one of its subsidiaries. Am. Comp. ¶¶ 29-31. However, MSP does not allege the lot or which of its subsidiaries was the assignee, or the identity or substance of the

claim, or the date of claim—there is complete ambiguity as to everything about the alleged assignment. MSP alleges certain carve-outs, or exceptions, to its assignment, but the exceptions are just as ambiguous as the alleged assignment. MSP also alleges that the reports submitted by Endurance, as well as Endurance's failure to make these reports in a manner required by 42 U.S.C. § 1395y (b)(7), constitute an admission of liability, but that is not so. *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, holds the opposite.

The Amended Complaint alleges two counts: a claim for an unspecified sum alleged to be owed to it as assignee of an MAO, and a claim for an equitable accounting from Endurance describing the insureds, the amounts it paid to the insureds, and the amounts owed to MSP. Am. Compl. ¶¶ 62, 68. Both counts suffer from the same defects.

MSP's complaint fails to describe the chain of assignments giving it rights to sue, or the rights assigned to it, or sufficient details of date, amounts and circumstances of its claims sufficiently to enable Endurance to admit or deny allegations, or to show that MSP is the real party in interest. MSP's allegations also insufficiently allege which of its legal entities own which assigned claims. MSP cannot avoid these legal insufficiencies by alleging an exemplar.

Rule 17(a), Fed. R. Civ. P., requires the plaintiff to be the real party in interest. The rule seeks to ensure that a federal action is brought by the person entitled to enforce the asserted right. *Bugliotti v. Republic of Argentina*, 67 F.4th 102 (2d Cir. 2023). Similarly, the Constitutional requirement of standing limits who may bring suit by requiring that a plaintiff show (1) injury in fact; (2) caused by the defendant's activities; and (3) that the injury is redressable by a court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). MSP lacks such standing and is not the real party in interest. *See* ECF No. 32.

The amended complaint also insufficiently alleges the bases of the claims being assigned. The concept of primary and secondary liability with respect to insured payments of claims posits a dual obligation of insurers to pay the same claim. But, in oral argument, plaintiff posited a different situation where A sues B, and C, B's insurer, pays A. Meanwhile, A's medical insurer, or an MAO, has advanced A's medical expenses. If the payment to A will cover A's medical expenses or liability, A then must pay back his medical insurer, or be subject to its lien. B's insurer cannot be expected to pay twice. Yet that is what the plaintiff alleges, and what, it erroneously argues, the law requires.

Endurance's motion to dismiss the Amended Complaint is granted. MSP may file a second amended complaint by March 22, 2024.

The Clerk shall terminate ECF Nos. 26 and 32.

SO ORDERED.

Dated: February 26, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge