**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MSP RECOVERY CLAIMS, SERIES LLC, a
Delaware entity, and SERIES 17-03-615, as a
Designated Series of MSP RECOVERY CLAIMS,
SERIES LLC,

                          Plaintiffs,

   -against-                                            22 **CIVIL** 6682 (AKH)

                                                               **JUDGMENT**
ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

                          Defendant.
-----------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Text Only Order dated November 25, 2024, Plaintiff claims to be an assignee of AvMed, a Medicare Advantage Organization. It sues Endurance American Specialty Insurance Company, a property and casualty insurer. Plaintiff alleges that under the Medicare statutes, Endurance failed to repay AvMed for Medicare payments that AvMed advanced to injured parties who later settled claims with Endurance that encompassed the medical payments. See 42 U.S.C. § 1395y(B)(2)(B)(ii). This lawsuit is similar to scores of others in the federal courts. The Second Circuit has dismissed like assigned claims to MSP because of absence of allegations that plaintiffs assignor incurred concrete and particularized injuries entitling plaintiff to claim standing. MSP Recovery Claims, Series LLC v. Hereford Ins. Co., 66 F.4th 77, 85 (2d Cir. 2023). Reports by liability carriers to Central Medicare Services are not sufficient bases for such claims, and single illustrations do not change the picture. Plaintiffs Second Amended Complaint fails to cure the infirmities noted by Hereford and, like Hereford, it must be dismissed without leave to replead. Id. at 89; see also, MSP Recovery Claims, Series LLC v. Endurance

Amer. Spec. Ins. Co., 22 Civ. 6684 (MKV), 2024 WL 4336316 (S.D.N.Y. Sept. 27, 2024) (dismissing Plaintiffs suit for lack of standing and denying leave to amend). Plaintiff argues that its complaint was sufficient under Aetna Life Ins. Co. v. BIG Y Foods, Inc., 52 F.4th 66 (2d Cir. 2022). But that case, decided before Hereford and not cited in Hereford, held simply that a Medicare Advantage Organization was authorized by the statute to file suit under the private right of action clause, see 42 U.S.C. § 1395y(b)(3)(A), and that it had shown that it had advanced Medicare-required funds to the insured which it was entitled to recover from the liability insurer. Those are not the issues in this case. There are additional infirmities. It is not clear if AvMeds assignment is to MSP Recovery Claims, Series LLC, which appears to be a suable entity, or to Series 17-03-615, which is not. Thus, there is no certain real party in interest. Furthermore, the Second Amended Complaint is not clear as to the claims in suit. Without clarity as to specific claims assigned, the complaint becomes conclusory and impossible to Answer. For all these reasons, defendant's motion to dismiss is granted, the Second Amended Complaint is dismissed without leave to replead, and judgment is entered for defendant; accordingly, the case is closed.

**Dated:**  New York, New York

      December 2, 2024

                                                  **DANIEL ORTIZ**

                                          **Acting Clerk of Court**

                          **BY:**  *K. Mango*

                                                    **Deputy Clerk**